## MEYERS v. ABLES. (No. 6192.)

(Court of Civil Appeals of Texas. Austin. April 28, 1920.)

**Appeal and error** ⬥➡1056(1)—**Exclusion of evidence of cost and value of land held harmless to owner sued by broker.**

In realty broker's action for commission, exclusion of evidence that value and cost of property was $3,125, offered to show that he would not sell at $2,500, with excess to broker as alleged, was harmless, where jury had before them undisputed evidence that owner was willing to sell at $2,700.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by W. H. Ables against C. W. Meyers. From judgment for plaintiff, defendant appeals. Affirmed.

Spivey, Bartlett & Carter, of Marlin, for appellant.

E. M. Dodson, of Rosebud, for appellee.

BRADY, J. Appellee instituted this suit against appellant to recover commission on a land sale. The only issue involved was the

amount of commission the appellee was to receive for selling the property; it being his contention that he was to receive all that he sold the property for over and above $2,500. Appellant's contention was that he agreed to pay plaintiff a 10 per cent. commission for effecting the sale. The property sold for $3,250, and the suit was for $750, less an indebtedness owing by appellee to appellant of about $95.

The court submitted the case to a jury upon one special issue, namely, What compensation did the defendant agree to pay the plaintiff for procuring the purchaser or bringing about the sale of the property? The jury answered, "All money above $2,500," and judgment was rendered accordingly for the plaintiff.

The only question arising upon this appeal is whether the trial court committed reversible error in refusing to allow appellant to prove that at the time he bought the property it had cost him $3,125, and that it continued to be worth that sum, or more, until the sale in controversy; that he was not embarrassed financially or otherwise, and was not compelled to sell the property, for any reason, at a less sum than he had paid for it. This testimony was offered upon the theory that it was a circumstance tending to show the improbability that appellant ever made the contract as claimed by appellee, and as tending to show that appellant's version of the contract was true and appellee's untrue. The bill of exceptions was qualified by the trial court as follows:

"Defendant testified, without objection, that at the time he purchased the place he held a lien against it for $1,800, and had to take up another lien against it of $1,000, and his counsel argued the fact to the jury that the place had cost him $2,800 for those items alone, which line of argument was not replied to in the closing argument of counsel for plaintiff."

The testimony is of doubtful admissibility, but appellant has cited authorities which tend to sustain the point that it was relevant for the purpose offered, under facts somewhat similar. However, we do not deem it necessary to decide the question. If it should be assumed that the testimony was admissible, and that the matter of its admission or rejection was not within the sound discretion of the trial court, we are nevertheless of the opinion that his ruling does not present reversible error. We will briefly indicate our reasons for this conclusion.

Not only did appellee receive the benefit of the argument, based on his own testimony, referred to by the trial court in the qualification to the bill of exceptions, which showed that the property had cost appellant at least $300 more than appellee claimed he had agreed to take for the property, but the undisputed evidence further shows that appellant first agreed to a sale of the property in question for the sum of $3,000, and that he agreed to pay appellee 10 per cent. of that price for making the sale. This sale was not consummated, but the property was later sold for $3,250. Thus it appears that the jury had before them evidence, not disputed by appellant, that he was willing to sell the property for $2,700 net to him, which was at least $425 less than its value and its cost to him, if he had been permitted to show that its cost and reasonable market value was $3,125. Therefore, if the rejected testimony had been admitted, it would have been little or no evidence that he would not have made a contract by which he was to receive only $2,500 net for the property, as contended by appellee. At least the evidence would have been of slight probative value, in view of the facts shown by other proof.

It is admitted in appellant's brief that, even where error has been committed through the exclusion of testimony which is relevant, material, and admissible, whether such error will require the reversal of a judgment depends upon the probable effect of such evidence upon the result of the trial, if it had been admitted. It is conceded that if it appears that the evidence, if admitted, could not properly have influenced the jury to render a different verdict, the exclusion of the evidence would not be material error. Tested by this standard, we are clearly of the opinion that it does appear that the exclusion of the evidence could not properly have had any effect upon the verdict of the jury, did not injure appellant, and that the same result would have been reached had the evidence been admitted.

No reversible error having been shown, the judgment is affirmed.

Affirmed.